FILED
SUPERIOR COURT
OF GUAM

2020 APR 24 PM 3:21

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0493-19 |
| vs. | |
| | DECISION AND ORDER |
| IUSTA JOE, | |
| Defendant. | |

## INTRODUCTION

This matter is before the Honorable Vernon P. Perez on Defendant Iusta Joe's ("Defendant") Motion to Dismiss Charge One and Motion to Reduce Charge Two Felony Family Violence Charge to a Misdemeanor, filed February 28, 2020. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order GRANTING IN PART Defendant's Motion to Dismiss Charge One and Motion to Reduce Charge Two Felony Family Violence Charge to a Misdemeanor.

## BACKGROUND

On September 20, 2019, Defendant was indicted with the following charges: (1) Criminal Mischief (As a Third Degree Felony) and (2) Family Violence (As a Third Degree Felony). (Indictment, Sep. 20, 2019). These charges stem from allegations that Defendant got angry when her boyfriend's son visited the home, damaging furniture and other items around the house and assaulted her boyfriend by using a hammer and striking him in the chest area while holding their one-year old son. (Decl. of Charles Kinnunen, Magistrate's Compl., Sep. 7, 2019). When

*People v. Joe*
Case No. CF0493-19
Decision and Order

Defendant's boyfriend took the one-year old away from Defendant, she became angrier and went outside and damaged his company vehicle. *Id.* On October 9, 2019, Defendant was arraigned, and waived her right to a speedy trial.

Jury Selection and Trial was most recently set for April 1, 2020, with a Pre-Trial Conference calendared for March 17, 2020. On February 28, 2020, Defendant filed the instant Motion. The People of Guam did not file a written response. A Motion Hearing was set for March 17, 2020, the same day as the Pre-Trial Conference; however, due to the closure of the Guam Judicial Center to the public because of public health concerns arising from COVID-19 (coronavirus pandemic),[1] the hearing did not take place and Jury Selection and Trial will be rescheduled to a later date.

## DISCUSSION

**Motion to Dismiss First Charge**

Defendant first moves the Court to dismiss the First Charge of Criminal Mischief (As a Third Degree Felony) for lack of probable cause under 8 G.C.A. § 15.20. (Mot. at 3-4). Defendant argues that an essential element of the charge of Criminal Mischief is lacking, as "the alleged victim named does not own the Jeep Patriot that Ms. Joe is alleged to have damaged." *Id.* at 4. Defendant sets forth that "Frank Jackson is the equitable owner of the car." *Id.*

As an initial matter, the Court notes that Defendant moves the Court to utilize 8 G.C.A. § 15.20 to dismiss this case. Section 15.20, entitled Issuance of Summons or Warrant on Complaint, sets forth that:

> If it appears from the complaint and the affidavits filed therewith that there is probable cause to believe that an offense has been committed and that the defendant

---

[1] Because of public health concerns arising from the COVID-19 (coronavirus pandemic), *I Maga'hågan Guåhan* has issued several executive orders to stem the spread of the virus: Executive Order No. 2020-03, declaring a State of Emergency; Executive Order No. 2020-04, closing non-essential government operations through March 30, 2020; Executive Order No. 2020-05, prohibiting public gatherings and mandating social isolation; Executive Order No. 2020-06, extending the suspension of non-essential government offices by an additional fourteen days; and Executive Order No. 2020-09, extending the public health emergency until May 5, 2020. Pursuant to these orders, the Supreme Court of Guam issued Administrative Order No. ADM20-210, closing the Judiciary of Guam for all but essential services until March 30, 2020; Administrative Order No. ADM20-214, extending the closure until April 15, 2020; and Administrative Order No. ADM20-220, further extending the closure until May 6, 2020.

has committed it, the judge shall issue a summons for the appearance of the defendant.

8 G.C.A. § 15.20(a). This matter has moved beyond the Complaint stage. The determination of probable cause was made at the first appearance by the Magistrate Judge and subsequently by the grand jury. Accordingly, the Court finds section 15.20 to be inapplicable to this phase of this proceeding and denies the Motion to Dismiss.

**Motion to Reduce Felony Family Violence Charge to Misdemeanor Family Violence Charge**

Defendant also moves the Court to reduce the felony family violence charge to a misdemeanor. (Mot. at 4-5).

Guam law gives the Court the statutory authority and discretion to reduce a felony charge to a misdemeanor charge when the offense involves the crime of Family Violence. *See* 9 G.C.A. § 30.20(b) ("Upon a written, noticed motion prior to the commencement of trial, the defendant may move that a felony charge filed pursuant to this § 30.20, other than a felony charge filed pursuant to § 30.20(a)(3), be reduced to a misdemeanor."). The Court is to consider seven factors when determining whether to reduce a Family Violence charge from a felony to a misdemeanor:

(1) the extent or seriousness of the victim's injuries;
(2) the defendant's history of violence against the same victim whether charged or uncharged;
(3) the use of a gun or other weapon by the defendant;
(4) the defendant's prior criminal history;
(5) the victim's attitude and conduct regarding the incident;
(6) the involvement of alcohol or other substance, and the defendant's history of substance abuse as reflected in the defendant's criminal history and other sources; and
(7) the defendant's history or and amenability to counseling.

9 G.C.A. § 30.20(c). *See also People v. Perez*, 1999 Guam 2 ¶ 12 ("The Family Violence Act is a comprehensive statutory scheme that, when viewed as a whole, demands that the prosecuting attorney take into account a defendant's ability to move for a reduction of a felony charge. In the exercise of its discretion, the court is permitted to entertain such a motion and is statutorily required to consider the list of seven factors in its determination of the appropriateness of a felony charge of Family Violence."). The Court's discretion is limited in two ways: (1) if the Court

finds substantial evidence that a victim suffered serious bodily injury, a felony family violence charge may not be reduced to a misdemeanor unless, due to unusual circumstances, such a reduction is manifestly in the interest of justice, or (2) if its' a defendant's third offense. *See* 9 G.C.A. §§ 30.20(d) and 30.20(a)(3). The Court notes that it only has Defendant's pleading and the Declaration attached to the Magistrate's Complaint before it for review.

The first factor for the Court to consider is "the extent or seriousness of the victim's injuries." 9 G.C.A. § 30.20(c)(1). The Court is to consider the extent or seriousness of the victim's injuries *as they were inflicted*, not as the defendant may have attempted to cause or recklessly risked causing. *See* 9 G.C.A. § 30.20(b), (c)(1). Here, Defendant is alleged to have used a hammer to strike the victim in the chest area. (Decl. of Charles Kinnunen, Magistrate's Compl., Sep. 7, 2019). The interviewing officer noted that the victim had bruising to his chest. *Id.* There is no indication in the Declaration attached to the Magistrate's Complaint that the victim was brought to the hospital as a result of the incident, and Defendant sets forth that the victim declined medical treatment. (Mot. at 5). Serious bodily injury is defined as "bodily injury which creates: serious permanent disfigurement; a substantial risk of death or serious, permanent disfigurement; severe or intense physical pain; or protracted loss or impairment or consciousness or of the function of any bodily member or organ." 9 G.C.A. §16.10(c). Based on the facts presented, the victim suffered bodily injury, but not serious bodily injury. The Court finds that this factor is equivocal, and neither weighs in favor of nor against the motion.

The second factor is "the defendant's history of violence against the same victim whether charged or uncharged." 9 G.C.A. § 30.20(c)(2). The Court understands that there have been no previous charges of violence by the Defendant against the victim, nor has there been any other indication that she has committed any uncharged violent acts against the victim. Therefore, this factor weighs in favor of granting the motion.

The third factor is "the use of a gun or other weapon by the defendant." 9 G.C.A. § 30.20(c)(3). No gun was alleged to have been used in this incident; however, Defendant is alleged to have utilized a hammer to assault the victim by hitting him on the chest. The Court finds that this factor weighs against granting the motion.

The fourth factor is "the defendant's prior criminal history." 9 G.C.A. § 30.20(c)(4). The Court understands that Defendant has no prior criminal history. Therefore, this factor also weighs in favor of granting the motion.

The fifth factor is "the victim's attitude and conduct regarding the incident." 9 G.C.A. § 30.20(c)(5). The Court has no information regarding the victim's attitude and conduct regarding the incident from either Defendant or the People. Therefore, the Court finds that this factor neither weighs in favor of nor against the motion.

The sixth factor is "the involvement of alcohol or other substance, and the defendant's history of substance abuse as reflected in the defendant's criminal history and other sources." 9 G.C.A. § 30.20(c)(6). No allegations of alcohol or substance abuse have been made in this matter and the Court lacks any other information on whether Defendant has a history of substance abuse. Therefore, the Court finds that this factor is equivocal, and weighs neither in favor of nor against the motion.

The seventh and last factor is "the defendant's history of and amenability to counseling." 9 G.C.A. § 30.20(c)(7). Defendant sets forth that she is "amenable to counseling." (Mot. at 5). As this is Defendant's first criminal offense, the Court has no other information or history of counseling. Without more, the Court finds that this factor is also equivocal, and neither weighs in favor of nor against the motion.

Therefore, the Court, considering all seven factors, finds that the one count of Family Violence (As a Third Degree Felony) should not remain charged as a felony and GRANTS Defendant's Motion to Reduce Charge Two Felony Family Violence to a Misdemeanor.

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS IN PART and DENIES IN PART Defendant's Motion to Dismiss Charge One and Motion to Reduce Charge Two Felony Family Violence Charge to a Misdemeanor. The Court will not dismiss the First Charge of Criminal Mischief (As a Third Degree Felony), but will reduce the Second Charge of Family Violence (As a Third Degree Felony) to Family Violence (As a Misdemeanor).

Further Proceedings will be set upon the reopening of the Guam Judicial Center to the public.

**IT IS SO ORDERED** this 24th day of April, 2020.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam